United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10608

_____

POK SEONG KWONG; ET AL,

Plaintiffs,

POK SEONG KWONG; AN YUAN, also known as Andy Yuan,

Plaintiffs - Appellants,

versus

AMERICAN FLOOD RESEARCH, INC.

Defendant - Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas
3:02-CV-2189-R

---

Before REAVLEY, JONES and GARZA, Circuit Judges.

PER CURIAM:[*]

Pok Seong Kwong and An Yuan appeal the district court's summary judgment against their claims alleging race, national origin, and religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.. For the reasons set forth below, we AFFIRM the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Pok Seong Kwong ("Kwong"), of Malaysian-Chinese descent, and An Yuan ("Yuan"), of Chinese descent, worked in the IT Department at American Flood Research, Inc. ("AFR"), a company that provides customer-requested flood zone certifications. Together, Kwong and Yuan were responsible for the online "production" computer systems that processed computer-assisted flood zone certification requests. On Thursday, November 15, 2001, Kwong and Yuan submitted a letter to AFR's President complaining of repeated discrimination against them on the basis of their race, national origin, and religion, and demanding $180,000 each as compensation. Later that day, AFR discovered problems with the automated mapping system; flood zone requests for certain areas of the country were failing to be processed. Further, AFR discovered that the outbound fax server had slowed to a standstill. Subsequent investigation of AFR's computer systems failure indicated that the failures were the result of harmful programs installed on the computers.

The following day, Friday, November 16, Yuan and Kwong arrived at work. Shortly after arriving, however, Yuan went home sick. Kwong later met Yuan at Yuan's home, and the two of them went to lunch together. While at lunch, the two of them discussed the ongoing problems with AFR's computer systems. Neither of them returned to work that day; instead, following lunch, they went to the mall where they played video games and drank coffee. That evening, they went to a restaurant for food and drinks.

2

AFR terminated Kwong on the evening of that day by placing an open letter on his door. The company delivered a termination letter to Yuan's home the next day, Saturday, November 17, 2001.

Kwong and Yuan filed a two-count Complaint in the district court after filing a formal charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). On April 16, 2004, the district court rendered summary judgment against the plaintiffs. The court held that Kwong and Yuan failed to present evidence that would establish a prima facie case of discrimination. It also held that, although Kwong and Yuan sufficiently established a prima facie case of retaliation, they failed to present sufficient evidence that would indicate that AFR's proffered explanations for dismissal were pretextual. Kwong and Yuan appeal.

## Standard of Review

We review a summary judgment de novo and are bound by the same standards as those employed by the district court. See Chaplin v. NationsCredit Corp., 307 F.3d 368, 371 (5th Cir. 2002). Namely, summary judgment is appropriate only where "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" TIG Ins. Co. v. Sedgwick James,

3

276 F.3d 754, 759 (5th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986)). This court will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion. Ellison v. Software Spectrum, Inc., 85 F.3d 187, 191 (5th Cir. 1996).

## Discrimination

To establish a prima facie case of discrimination based on race or national origin, a plaintiff must usually show that (1) he suffered an adverse employment action; (2) he was qualified for the position; (3) he was within the protected class at the time of the decision; and (4) the person selected as replacement was not within the protected class. Rios v. Rossotti, 252 F.3d 375, 378 (5th Cir. 2001).

Kwong and Yuan presented no evidence to the district court that would establish that they were qualified for the position or that they were replaced by individuals not within the protected class. In their brief before this court, Kwong and Yuan now raise a variety of reasons why the trial court erred and as evidence to support their argument, point to materials that were not before the district court. The appellants have not provided grounds for reversing the district court's judgment. See Ellison, 85 F.3d at 191.

## Retaliation

4

A plaintiff establishes a prima facie case of retaliation by showing: (1) that he engaged in activity protected by Title VII or the ADEA; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision. Shirley v. Chrysler First, Inc., 970 F.2d 39, 42 (5th Cir. 1992).

Kwong and Yuan argue that they were terminated in retaliation for their letter to AFR alleging racial discrimination and demanding $180,000 each. The district court agreed and determined that Kwong and Yuan had established a prima facie case of retaliation, commenting that close timing between an employee's protected activity and an adverse action against him may provide the required causal connection. See Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001). As an affirmative defense to the prima facie case of retaliation, AFR provided evidence that it terminated Kwong and Yuan for: (1) abandoning their jobs; (2) intentionally causing the computer mapping problems; and (3) violating several provisions of AFR's Policies and Procedures Manual.[1] Kwong and Yuan admitted that they left work early without notifying their supervisor. To make a showing of pretext suffi-cient to submit their case to a jury, Kwong and Yuan "must put

---

[1] Among its reasons for terminating Kwong and Yuan, AFR specifically contends that they violated section XI of the Policies and Procedures Manual which authorizes immediate termination of employees who, among other things, refuse to help out on special assignments, refuse to obey a supervisor's instructions pertaining to work, and leave work before the end of the work day without authorization.

5

forward evidence rebutting each of the nondiscriminatory reasons the employer articulates." <u>Wallace v. Methodist Hosp. System</u>, 271 F.3d 212, 220 (5th Cir.2001) (emphasis added and citations omitted). Kwong and Yuan failed to present evidence raising a genuine fact issue of pretext as to each of the non-discriminatory reasons offered by AFR. Thus, the trial court properly granted AFR's motion for summary judgment on the allegation of retaliation.

For the foregoing reasons, the district court's summary judgment order is AFFIRMED.

**AFFIRMED.**